JUDGE CARTER

12 CIV 1221

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

UBS FINANCIAL SERVICES, INC.,

                    Petitioner,

          v.

DALILA COSTA-LEROY,

                    Respondent.

-------------------------------------------------------------X

Case No. _____

RECEIVED
FEB 16 2012
U.S.D.C. S.D. N.Y.
CASHIERS

**PETITION TO CONFIRM**
**ARBITRATION AWARD**

Petitioner UBS Financial Services, Inc. ("UBSFS" or "Petitioner"), by and through its undersigned counsel, hereby petitions this Court to confirm the arbitration award entered in Petitioner's favor on October 11, 2011, in a proceeding held before the Financial Industry Regulatory Authority ("FINRA"), Arbitration Number 08-05019, and in support it asserts the following:

<b>NATURE OF THE ACTION</b>

1.     This petition is brought pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, to confirm the arbitration award in favor of UBSFS and against Respondent Dalila Costa-Leroy ("Respondent" or "Costa-Leroy").

<b>PARTIES</b>

2.     Petitioner UBS Financial Services, Inc. is a broker-dealer registered with the United State Securities and Exchange Commission and is a member of FINRA. Petitioner UBSFS's principal place of business is located in Weehawken, New Jersey.

3.     Respondent Dalila Costa-Leroy is an individual who at all relevant times resided in Brooklyn, New York and worked as a Financial Analyst in UBSFS's office at 200 Park Avenue, New York, New York. At all relevant times, Costa-Leroy was registered with FINRA.

1

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this matter pursuant to 9 U.S.C. § 9 as the award to Petitioner was made within this district.

5.      This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between UBSFS, whose principal place of business is in New Jersey, and Respondent, a citizen of the State of New York, and this action involves an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs.

6.      Venue is proper in this district pursuant to 9 U.S.C. § 9 as the arbitration was held in this district.

**BACKGROUND**

7.      Costa-Leroy joined UBSFS on or around March 16, 2006 as a Financial Analyst ("FA").

8.      At that time, Costa-Leroy executed a Form U-4, which included an agreement to arbitrate all claims and disputes with UBSFS through FINRA at Paragraph 15A(5).  Attached hereto as **Exhibit A** is a true and accurate copy of Costa-Leroy's Form U-4, in pertinent part, signed March 16, 2006.

9.      On or around October 22, 2008, Costa-Leroy's employment with UBSFS ended.

10.      During Costa-Leroy's employment with UBSFS, she was extended three employee forgivable loans by Petitioner which were governed by the terms of Promissory Notes that she signed in 2006, 2007, and 2008 (the "Notes").

11.      Each of the Notes contained a provision requiring the arbitration of any legal claims against UBSFS.

12.     On or about December 29, 2008, Costa-Leroy filed a Statement of Claim with FINRA against UBSFS.

13.     In paragraph 7 of her Statement of Claim, Costa-Leroy admitted that FINRA had jurisdiction over her alleged claim against UBSFS.

14.     On or about April 13, 2009, UBSFS filed its Answer to Costa-Leroy's Statement of Claim, along with Counterclaims.

15.     On or around May 27, 2009, arbitrators Harvey Barrison, Erica Levitt, and Sharon McCloskey were appointed as the three-member FINRA arbitration panel (the "Panel") based upon the parties' rankings of proposed arbitrators. Arbitrator Leah Marks was later appointed to the Panel as a replacement for Ms. McCloskey on or around June 22, 2010. Attached hereto as **Exhibit B** is a true and accurate copy of FINRA correspondence regarding the appointment of the Panel's members.

16.     On August 31, 2011, the parties had an opportunity to submit pre-hearing memoranda which outlined the disputed factual and legal issues which the parties believed remained to be addressed at the arbitration hearing, as well as their respective lists of witnesses.

17.     The arbitration hearing in the matter commenced on September 19, 2011 before the Panel, and continued through September 21, 2011.

18.     During this hearing, both Costa-Leroy and UBSFS submitted documentary evidence, as well as live testimony, in support of their respective positions on the claims contained in Costa-Leroy's Statement of Claim and the Counterclaims asserted by UBSFS.

19.     Final oral arguments were held on September 21, 2011.

20.     On October 11, 2011, "[a]fter considering the pleadings, the testimony and evidence presented at the hearing," and "acknowledge[ing] that they have each read the

pleadings and other materials filed by the parties," the Panel issued a full and final award (the "Award") that provided for the following:

    a. Claimant's claims are denied in their entirety.

    b. Claimant's request for expungement is denied.

    c. Claimant is liable for and shall pay [UBSFS] compensatory damages in the amount of $576,529.91.

    d. [UBSFS]'s request for interest is denied.

    e. Any and all relief not specifically addressed herein, including punitive damages, is denied.

Attached hereto as **Exhibit C** is a true and accurate copy of the Award.

    33.    To date, Respondent has made only two $2,000 payments on the Award, for a total of $4,000.

    34.    On December 6, 2011, Respondent executed a Confession of Judgment regarding the Award under New York law. Attached hereto as **Exhibit D** is a true and accurate copy of the Confession of Judgment.

    35.    A proposed Order regarding the relief requested below is attached as **Exhibit E**.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner requests that an award be issued in its favor containing the following relief:

    A.    An Order confirming the Award, dated October 11, 2011, and directing Respondent to pay Petitioner the following:

    i.    An award of $572,529.91 for the amount remaining unpaid by Respondent on the Notes;

    B.    An award of any and all costs that Petitioner incurred in this action, as well as Petitioner's attorneys' fees, to the fullest extent permitted by law; and

C.    Such other and further relief as the Court may deem just and proper.

Dated: February 15, 2012
      New York, New York

Respectfully submitted,

**THOMPSON WIGDOR LLP**

By:
      Douglas H. Wigdor
      Lawrence M. Pearson

85 Fifth Avenue
New York, NY  10003
Telephone:  (212) 257-6800
Facsimile:  (212) 257-6845
dwigdor@thompsonwigdor.com
lpearson@thompsonwigdor.com

*Counsel for Petitioner UBSFS*

## VERIFICATION

STATE OF NEW YORK          )
                                             :
COUNTY OF NEW YORK    )

     Lawrence M. Pearson, being duly sworn, deposes and says that he is the Attorney of Respondent UBS Financial Services, Inc., that he has read the foregoing Petition to Confirm Arbitration Award, and that he believes it is true and correct to the best of his knowledge, information and belief.  UBS Financial Services, Inc. has given its consent to Mr. Pearson to verify the Petition to Confirm Arbitration Award, and UBS Financial Services, Inc. was unable to verify the petition itself as its headquarters is located in a different county from its attorneys. The foregoing Petition to Confirm Arbitration Award is the initial pleading in this matter.


_____
       Lawrence M. Pearson


Sworn before me this
15th Day of February, 2012


_____
NOTARY PUBLIC

VIRGINIA GENTILE
Notary Public, State of New York
No. 01GE4960908
Qualified in Nassau County
Commission Expires January 2, 20/4

# Exhibit A

# FORM U4
# UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER

**U4 - RELICENSE**
**03/16/2006**

Rev. Form U4 (10/2005)

## 1. GENERAL INFORMATION

| First Name: | Middle Name: | Last Name: | Suffix: |
|---|---|---|---|
| DALILA | | COSTA-LEROY | |

| **Firm CRD #:** | **Firm Name:** | **Employment Date** (MM/DD/YYYY): |
|---|---|---|
| 8174 | UBS FINANCIAL SERVICES INC. | 03/16/2006 |

| Firm Billing Code: | **Individual CRD #:** | Individual SSN: |
|---|---|---|
| TS0 | REDACTED | REDACTED |

**Do you have an independent contractor relationship with the above named firm?**

○ Yes ◉ No

**Office of Employment Address**

| CRD Branch # | NYSE Branch Code # | Firm Billing Code | Address | Private Residence | Type of Office | Start Date | End Date |
|---|---|---|---|---|---|---|---|
| 88854 | TS0 | TS | 200 PARK AVE 30TH FLOOR NEW YORK , NY 10166 | N | Located At | 03/16/2006 | |

Rev. Form U4 (10/2005)

## 2. FINGERPRINT INFORMATION

**Electronic Filing Representation**

◉ By selecting this option, I represent that I am submitting, have submitted, or promptly will submit to the appropriate *SRO* a fingerprint card as required under applicable *SRO* rules; or Fingerprint card barcode

○ By selecting this option, I represent that I have been employed continuously by the *filing firm* since the last submission of a fingerprint card to CRD and am not required to resubmit a fingerprint card at this time; or,

○ By selecting this option, I represent that I have been employed continuously by the *filing firm* and my fingerprints have been processed by an *SRO* other than NASD. I am submitting, have submitted, or promptly will submit the processed results for posting to CRD.

**Exceptions to the Fingerprint Requirement**

○ By selecting one or more of the following two options, I affirm that I am exempt from the federal fingerprint requirement because I/*filing firm* currently satisfy(ies) the requirements of at least one of the permissive exemptions indicated below pursuant to Rule 17f-2 under the Securities Exchange Act of 1934, including any notice or application requirements specified therein:

☐ Rule 17f-2(a)(1)(i)

Rule 17f-2(a)(1)(iii)

**Please Read Carefully**

All signatures required on this Form U4 filing must be made in this section.

A "signature" includes a manual signature or an electronically transmitted equivalent. For purposes of an electronic form filing, a signature is effected by typing a name in the designated signature field. By typing a name in this field, the signatory acknowledges and represents that the entry constitutes in every way, use, or aspect, his or her legally binding signature.

**15A    INDIVIDUAL/APPLICANT'S ACKNOWLEDGMENT AND CONSENT**
This section must be completed on all initial or Temporary Registration form filings.

**15B    FIRM/APPROPRIATE SIGNATORY REPRESENTATIONS**
This section must be completed on all initial or Temporary Registration form filings.

**15C    TEMPORARY REGISTRATION ACKNOWLEDGMENT**
This section must be completed on Temporary Registration form filings to be able to receive Temporary Registration.

**15D    INDIVIDUAL/APPLICANT'S AMENDMENT ACKNOWLEDGMENT AND CONSENT**
This section must be completed on any amendment filing that amends any information in Section 14 (Disclosure Questions) or any Disclosure Reporting Page (DRP).

**15E    FIRM/APPROPRIATE SIGNATORY AMENDMENT REPRESENTATIONS**
This section must be completed on all amendment form filings.

**15F    FIRM/APPROPRIATE SIGNATORY CONCURRENCE**
This section must be completed to concur with a U4 filing made by another *firm* (IA/BD) on behalf of an individual that is also registered with that other *firm* (IA/BD).

## 15A. INDIVIDUAL/APPLICANT'S ACKNOWLEDGMENT AND CONSENT

1.  I swear or affirm that I have read and understand the items and instructions on this form and that my answers (including attachments) are true and complete to the best of my knowledge. I understand that I am subject to administrative, civil or criminal penalties if I give false or misleading answers.

2.  I apply for registration with the *jurisdictions* and *SROs* indicated in Section 4 (SRO REGISTRATION) and Section 5 (JURISDICTION REGISTRATION) as may be amended from time to time and, in consideration of the *jurisdictions* and *SROs* receiving and considering my application, I submit to the authority of the *jurisdictions* and *SROs* and agree to comply with all provisions, conditions and covenants of the statutes, constitutions, certificates of incorporation, by-laws and rules and regulations of the *jurisdictions* and *SROs* as they are or may be adopted, or amended from time to time. I further agree to be subject to and comply with all requirements, rulings, orders, directives and decisions of, and penalties, prohibitions and limitations imposed by the *jurisdictions* and *SROs*, subject to right of appeal or review as provided by law.

3.  I agree that neither the *jurisdictions* or *SROs* nor any person acting on their behalf shall be liable to me for action taken or omitted to be taken in official capacity or in the scope of employment, except as otherwise provided in the statutes, constitutions, certificates of incorporation, by-laws or the rules and regulations of the *jurisdictions* and *SROs*.

4.  I authorize the *jurisdictions*, *SROs*, and the *designated entity* to give any information they may have concerning me to any employer or prospective employer, any federal, state or municipal agency, or any other *SRO* and I release the *jurisdictions*, *SROs*, and the *designated entity*, and any person acting on their behalf from any and all liability of whatever nature by reason of furnishing such information.

I agree to arbitrate any dispute, claim or controversy that may arise between me and my *firm*, or a customer, or any other person, that is required to be arbitrated under the rules,

5. constitutions, or by-laws of the *SROs* indicated in Section 4 (SRO REGISTRATION) as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent *jurisdiction*.

6. For the purpose of complying with the laws relating to the offer or sale of securities or commodities or investment advisory activities, I irrevocably appoint the administrator of each *jurisdiction* indicated in Section 5 (JURISDICTION REGISTRATION) as may be amended from time to time, or such other person designated by law, and the successors in such office, my attorney upon whom may be served any notice, process, pleading, subpoena or other document in any action or *proceeding* against me arising out of or in connection with the offer or sale of securities or commodities, or investment advisory activities or out of the violation or alleged violation of the laws of such *jurisdictions*. I consent that any such action or *proceeding* against me may be commenced in any court of competent *jurisdiction* and proper venue by service of process upon the appointee as if I were a resident of, and had been lawfully served with process in the *jurisdiction*. I request that a copy of any notice, process, pleading, subpoena or other document served hereunder be mailed to my current residential address as reflected in this form or any amendment thereto.

7. I consent that the service of any process, pleading, subpoena, or other document in any *investigation* or administrative *proceeding* conducted by the SEC, CFTC or a *jurisdiction* or in any civil action in which the SEC, CFTC or a *jurisdiction* are plaintiffs, or the notice of any *investigation* or *proceeding* by any SRO against the *applicant*, may be made by personal service or by regular, registered or certified mail or confirmed telegram to me at my most recent business or home address as reflected in this Form U4, or any amendment thereto, by leaving such documents or notice at such address, or by any other legally permissible means.

I further stipulate and agree that any civil action or administrative *proceeding* instituted by the SEC, CFTC or a *jurisdiction* may be commenced by the service of process as described herein, and that service of an administrative subpoena shall be effected by such service, and that service as aforesaid shall be taken and held in all courts and administrative tribunals to be valid and binding as if personal service thereof had been made.

8. I authorize all my employers and any other person to furnish to any *jurisdiction, SRO, designated entity*, employer, prospective employer, or any agent acting on its behalf, any information they have, including without limitation my creditworthiness, character, ability, business activities, educational background, general reputation, history of my employment and, in the case of former employers, complete reasons for my termination. Moreover, I release each employer, former employer and each other person from any and all liability, of whatever nature, by reason of furnishing any of the above information, including that information reported on the Uniform Termination Notice for Securities Industry Registration (Form U5). I recognize that I may be the subject of an investigative consumer report and waive any requirement of notification with respect to any investigative consumer report ordered by any *jurisdiction, SRO, designated entity*, employer, or prospective employer. I understand that I have the right to request complete and accurate disclosure by the *jurisdiction, SRO, designated entity*, employer or prospective employer of the nature and scope of the requested investigative consumer report.

9. I understand and certify that the representations in this form apply to all employers with whom I seek registration as indicated in Section 1 (GENERAL INFORMATION) or Section 6 (REGISTRATION REQUESTS WITH AFFILIATED FIRMS) of this form. I agree to update this form by causing an amendment to be filed on a timely basis whenever changes occur to answers previously reported. Further, I represent that, to the extent any information previously submitted is not amended, the information provided in this form is currently accurate and complete.

I authorize any employer or prospective employer to file electronically on my behalf any information required in this form or any amendment thereto; I certify that I have reviewed

10. and approved the information to be submitted to any *jurisdiction* or *SRO* on this Form U4 Application; I agree that I will review and approve all disclosure information that will be filed electronically on my behalf; I further agree to waive any objection to the admissibility of the electronically filed records in any criminal, civil, or administrative *proceeding*.

*Applicant* or *applicant's* agent has typed *applicant's* name under this section to attest to the completeness and accuracy of this record. The *applicant* recognizes that this typed name constitutes, in every way, use or aspect, his or her legally binding signature.

| Date (MM/DD/YYYY) | Signature of *Applicant* |
|---|---|
| 3/16/06 | Printed Name DALILA COSTA-LEROY |

### 15B. FIRM/APPROPRIATE SIGNATORY REPRESENTATIONS

To the best of my knowledge and belief, the *applicant* is currently bonded where required, and, at the time of approval, will be familiar with the statutes, constitution(s), rules and by-laws of the agency, *jurisdiction* or *SRO* with which this application is being filed, and the rules governing registered persons, and will be fully qualified for the position for which application is being made herein. I agree that, notwithstanding the approval of such agency, *jurisdiction* or *SRO* which hereby is requested, I will not employ the *applicant* in the capacity stated herein without first receiving the approval of any authority that may be required by law.

This *firm* has communicated with all of the *applicant's* previous employers for the past three years and has documentation on file with the names of the persons contacted and the date of contact. In addition, I have taken appropriate steps to verify the accuracy and completeness of the information contained in and with this application.

I have provided the *applicant* an opportunity to review the information contained herein and the *applicant* has approved this information and signed the Form U4.

| Date (MM/DD/YYYY) | Signature of *Appropriate Signatory* |
|---|---|
| 3/16/06 | Printed Name Reneé Delaney |

### 15C. TEMPORARY REGISTRATION ACKNOWLEDGMENT

If an *applicant* has been registered in a *jurisdiction* or *self regulatory organization (SRO)* in the 30 days prior to the date an application for registration is filed with the Central Registration Depository or Investment Adviser Registration Depository, he or she may qualify for a Temporary Registration to conduct securities business in that *jurisdiction* or *SRO* if this acknowledgment is executed and filed with the Form U4 at the *applicant's firm*.

This acknowledgment must be signed only if the *applicant* intends to apply for a Temporary Registration while the application for registration is under review.

I request a Temporary Registration in each *jurisdiction* and/or *SRO* requested on this Form U4, while my registration with the *jurisdiction*(s) and/or *SRO*(s) requested is under review;

I am requesting a Temporary Registration with the *firm* filing on my behalf for the *jurisdiction*(s) and/or *SRO*(s) noted in Section 4 (SRO REGISTRATION) and/or Section 5 (JURISDICTION REGISTRATION) of this Form U4;

I understand that I may request a Temporary Registration only in those *jurisdiction*(s) and/or *SRO*(s) in which I have been registered with my prior *firm* within the previous 30 days;

I understand that I may not engage in any securities activities requiring registration in a *jurisdiction* and/or *SRO* until I have received notice from the CRD or IARD that I have been

granted a Temporary Registration in that *jurisdiction* and/or *SRO*;

I agree that until the Temporary Registration has been replaced by a registration, any *jurisdiction* and/or *SRO* in which I have applied for registration may withdraw the Temporary Registration;

If a *jurisdiction* or *SRO* withdraws my Temporary Registration, my application will then be held pending in that *jurisdiction* and/or *SRO* until its review is complete and the registration is granted or denied, or the application is withdrawn;

I understand and agree that, in the event my Temporary Registration is withdrawn by a *jurisdiction* and/or *SRO*, I must immediately cease any securities activities requiring a registration in that *jurisdiction* and/or *SRO* until it grants my registration;

I understand that by executing this Acknowledgment I am agreeing not to challenge the withdrawal of a Temporary Registration; however, I do not waive any right I may have in any *jurisdiction* and/or *SRO* with respect to any decision by that *jurisdiction* and/or *SRO* to deny my application for registration.

**Date (MM/DD/YYYY)**          **Signature of *Applicant***

3/16/6

**Printed Name** DALILA COSTA CRUZ

---

| | Rev. Form U4 (10/2005) |
|---|---|
| **CRIMINAL DRP** | |
| No Information Filed | |

| | Rev. Form U4 (10/2005) |
|---|---|
| **REGULATORY ACTION DRP** | |
| No Information Filed | |

| | Rev. Form U4 (10/2005) |
|---|---|
| **CIVIL JUDICIAL DRP** | |
| No Information Filed | |

| | Rev. Form U4 (10/2005) |
|---|---|
| **CUSTOMER COMPLAINT/ARBITRATION/CIVIL LITIGATION DRP** | |
| No Information Filed | |

| | Rev. Form U4 (10/2005) |
|---|---|
| **TERMINATION DRP** | |
| No Information Filed | |

| | Rev. Form U4 (10/2005) |
|---|---|
| **INVESTIGATION DRP** | |
| No Information Filed | |

| | Rev. Form U4 (10/2005) |
|---|---|
| **BANKRUPTCY/SIPC/COMPROMISE WITH CREDITORS DRP** | |
| No Information Filed | |

| | Rev. Form U4 (10/2005) |
|---|---|
| **BOND DRP** | |
| No Information Filed | |

Rev. Form U4 (10/2005)

**JUDGMENT LIEN DRP**

No Information Filed

# Exhibit B



Financial Industry Regulatory Authority

**_Via Certified Mail_**

May 27, 2009

Douglas H. Wigdor, Esq.
Thompson Widgor & Gilly LLP
85 Fifth Avenue
New York, NY 10003

Subject:    FINRA Dispute Resolution Arbitration Number 08-05019
            Dalila Costa-Leroy vs. UBS Financial Services, Inc.

Dear Mr. Wigdor:

Your case is ready for the next phase of the pre-hearing process.  Below is information on:

The assigned Case Administrator;
Verification of your contact information;
Panel composition;
The Initial Pre-hearing Conference;
Opting out of the Initial Pre-hearing Conference;
Rescheduling the Initial Pre-hearing Conference;
Fees; and
Mediation.

Assigned Case Administrator
As a reminder, your case has been assigned to Bola Aguda.  Please direct all correspondence and inquiries to Bola Aguda at the below address or at 212-858-4200. Please reference your assigned case number when contacting FINRA staff.

Verify Your Contact Information
The enclosed Case Information Sheet reflects the contact information that we have on file.  If the contact information is incorrect or if we do not have a telephone number for you, please contact this office immediately and provide your contact information.

Panel Composition
FINRA Dispute Resolution appointed an arbitration Panel based upon the parties' consolidated lists. The enclosed Case Information Sheet lists the arbitration Panel's composition.  The Arbitrators' classifications as public or non-public are accurate at the time of their appointment.

Regular Arbitration Case Panel Composition

Investor protection. Market integrity.        Dispute Resolution          One Liberty Plaza      t  212 858 4200
                                               Northeast Regional Office   165 Broadway          f  301 527 4873
                                                                           27th Floor            www.finra.org
                                                                           New York, NY
                                                                           10006-1404

Please note that if the number of Arbitrators available to serve from the parties' consolidated lists was not sufficient to fill the Panel, pursuant to the Code of Arbitration Procedure,[1] the Director of Arbitration appointed one or more Arbitrators to complete the Panel.

The Arbitrator Disclosure Reports of any such Arbitrators are enclosed.  Please note that the Arbitrator Disclosure Reports include each Arbitrator's past awards.  The awards are available through our online award database at www.finra.org/arbitrationmediation/index.htm.

<u>Initial Pre-Hearing Conference</u>
Pursuant to the Code of Arbitration Procedure,[2] the telephonic Initial Pre-hearing Conference is scheduled for **July 9, 2009 at 11:00 AM Eastern Time Zone**. The purpose of the conference is to set hearing dates, and, if necessary, to set a discovery schedule, briefing and motions deadlines, pre-hearing dates, and to identify any issues that may require Arbitrator intervention. Prior to the conference, please confirm the availability of **all** witnesses and have a realistic estimate of the time you will need to present your case.  Also, please have your calendar available at the Initial Pre-hearing Conference.

Our conference coordinator will call you at the telephone number listed on the enclosed Case Information Sheet or the corrected number that you have provided.  If you will not be at this telephone number on the date and time of the Initial Pre-hearing Conference you may join the conference by dialing **1-888-677-6401**.  The conference coordinator will ask for a password and the name of the conference leader. The password is the arbitration case number, including the zeroes, and the conference leader is the Chairperson or the assigned FINRA Case Administrator.

<u>Opting Out of the Initial Pre-hearing Conference</u>
Parties may opt out of the Initial Pre-hearing Conference by submitting a joint request to opt out and including a proposed scheduling order with the request. The proposed order should address all items included in the Initial Pre-hearing Conference Scheduling Order. Parties may obtain a copy of the order from our Web site, www.finra.org. For cases proceeding according to the Old Code,[3] it is within the Panel's discretion to grant or deny the parties' request to opt out of the Initial Pre-hearing Conference. For cases proceeding according to the Customer or Industry Code,[4] the parties may agree to forego the Initial Pre-hearing Conference only if they jointly provide the Director with a proposed scheduling order that includes all the requisite information.[5]

---

[1]Customer Code Rule 12406(c)
 Industry Code Rule 13406(c)
 Old Code Rule 10308(6)(4)(b)

[2]Customer Code Rule 12500
 Industry Code Rule 13500
 Old Code Rule 10315

[3]Cases filed before April 16, 2007 proceed according to the Old Code.

[4]Cases filed on or after April 16, 2007 proceed according to either the Customer or Industry Code.

[5]Customer Code Rule 12500(c)
 Industry Code Rule 13500(c)

Procedure to Reschedule the Initial Pre-hearing Conference

If the Initial Pre-hearing Conference date is not convenient, you may request that the Panel reschedule the Initial Pre-hearing Conference. Any request to reschedule the conference must include **four mutually agreed upon dates and times** to reschedule the conference. We will not send the parties' request to reschedule the conference to the Panel unless we receive proposed agreed upon rescheduled dates and times. If you would like the Panel to reschedule the conference, you must submit, in writing, the agreed upon dates and times within 14 days of the date of this letter.

Fees

The Panel will assess the cost of the Initial Pre-hearing Conference to the parties. Pursuant to the Code of Arbitration Procedure,[6] the Panel may require the parties to pay hearing session fees during the course of the arbitration. For information on forum fees, please review the appropriate Code sections.

If you are counsel representing a party, it is your responsibility to ensure that your client understands his/her responsibilities regarding fees.

Mediation

FINRA Dispute Resolution has a successful, voluntary mediation program. Are you interested in mediation? If yes, please check the following box and return a copy of this letter to me. [  ]

Online Evaluation

As a service organization, the primary goals of FINRA Dispute Resolution are the integrity of its process and the satisfaction of its clients. To ensure that we are meeting your needs and satisfying our commitment to you, **we need to hear from you.** At the conclusion of this case, please take the time to complete an evaluation of our services, the process, and the Arbitrator(s) assigned to your case. For your convenience, we have now made it possible for you to evaluate our services using the Internet. Please direct your Web browser to http://www.finra.org/arbevaluation. If you do not have Internet access, or have difficulty completing the evaluation online, you may complete the enclosed paper version of the evaluation and mail it in the enclosed envelope. If you need another paper copy of the evaluation form, please contact the undersigned. Whenever possible, however, please use the new online version; doing so will help us to review your feedback in a more expeditious and analytical manner. Your feedback is a valuable and necessary component in our efforts for improved service.

Please contact our office if you have any questions.

Very truly yours,

Bola Aguda
Case Assistant Manager
Phone:  212-858-4200

---

[6]Customer Code Rule 12902(b)(1)
 Industry Code Rule 13902(b)(1)
 Old Code Rule 10322(a) or Rule 10205(a)

Fax:      301-527-4873
NEProcessingCenter@finra.org


BA:hmj:LC08C
idr: 04/23/2009

Enclosures

CC:
      Harvey Barrison
      Erica Levitt
      Sharon A. McCloskey

RECIPIENTS:
      Richard J. Babnick, Jr., Esq., Dalila Costa-Leroy
      Sichenzia Ross Friedman Ference LLP, 61 Broadway, 32nd Fl., New York, NY 10006

      Douglas H. Wigdor, Esq., UBS Financial Services Inc.
      Thompson Widgor & Gilly LLP, 85 Fifth Avenue, New York, NY 10003

Case Information Sheet

1.   **CASE INFORMATION:**

A. CASE-NUMBER:   08-05019

B. CASE-NAME:   Dalila Costa-Leroy vs. UBS Financial Services, Inc.

C. FINRA Dispute Resolution
REPRESENTATIVE:   Avi Y. Rosenfeld
Case Administrator
FINRA Dispute Resolution
One Liberty Plaza
165 Broadway, 27th Floor
New York, NY 10006
212-858-4200

D. PRE-HEARING DATE: February 17, 2010 at 2:00 PM Eastern Time Zone
(Telephonic conference with chairperson and parties)

E. HEARING DATE:   April 27, 2010 at 10:00 AM

F. ADDITIONAL HEARING SESSIONS:
Additional hearing session(s) are scheduled on:
April 28, 2010, April 29, 2010, April 30, 2010.

G. HEARING LOCATION:
FINRA Dispute Resolution
165 Broadway, 27th Floor
One Liberty Plaza
New York, NY 10006

2.   **PARTY REPRESENTATIVE INFORMATION:**

REPRESENTATIVE:
Richard J. Babnick, Jr., Esq., Sichenzia Ross Friedman Ference LLP
Phone: 212-930-9700, Fax: 212-930-9725
Email: Unknown
PARTY(IES):
Dalila Costa-Leroy, Claimant

REPRESENTATIVE:
Douglas H. Wigdor, Esq., Thompson Widgor & Gilly LLP
Phone: 212-257-6800, Fax: 212-257-6845
Email: cuh@twglaw.com
PARTY(IES):

UBS Financial Services Inc., Respondent

3.    **ARBITRATION PANEL:**

| | | |
|---|---|---|
| Sharon A. McCloskey | Public Arbitrator | Chairperson |
| McCloskey Peters, LLC | | |
| | | |
| Erica Levitt | Industry Arbitrator | Panelist |
| | | |
| Harvey Barrison | Public Arbitrator | Panelist |
| D'Amato & Lynch, LLP | | |

*Arbitrator classification is reported in accordance with the Codes of Arbitration Procedure for Customer and Industry Disputes, Rules 12100(p) and (u) and 13100(p) and (u), respectively. For more information, please see Regulatory Notice 08-22.*

LC20B
idr: 08/21/2008

CC:
    Harvey Barrison
    Erica Levitt
    Sharon A. McCloskey

RECIPIENTS:
    Richard J. Babnick, Jr., Esq., Dalila Costa-Leroy
    Sichenzia Ross Friedman Ference LLP, 61 Broadway, 32nd Fl., New York, NY 10006

    Douglas H. Wigdor, Esq., UBS Financial Services Inc.
    Thompson Widgor & Gilly LLP, 85 Fifth Avenue, New York, NY 10003


Financial Industry Regulatory Authority

June 22, 2010

Douglas H. Wigdor, Esq.
Thompson Widgor & Gilly LLP
85 Fifth Avenue
New York, NY 10003

Subject:   FINRA Dispute Resolution Arbitration Number 08-05019
           Dalila Costa-Leroy vs. UBS Financial Services, Inc.

Dear Mr. Wigdor:

This letter is to inform you that Sharon A. McCloskey withdrew from the Panel in the above-referenced case.  The replacement arbitrator is Leah Marks.  Enclosed for your review is Arbitrator Leah Marks's Disclosure Report. The Arbitrator Disclosure Report includes the Arbitrator's past NASD and FINRA awards. NYSE awards are not currently listed on the Arbitrator Disclosure Reports. However, the Arbitrator's NASD, FINRA, and NYSE awards, if any, are available through our online award database at www.finra.org/arbitrationmediation/index.htm.

If all parties unanimously agree to proceed with only two Arbitrators and do not want a replacement Arbitrator, please let me know as soon as possible.

Please contact our office at the phone number listed below if you have any questions.

Very truly yours,

Avi Y. Rosenfeld
Case Administrator
Phone:   212-858-4200
Fax:     301-527-4904
NEProcessingCenter@finra.org


AYR:jd3:LC31G
idr: 09/21/2009

Enclosures

CC:
     Harvey Barrison

Investor protection. Market integrity.          Dispute Resolution        One Liberty Plaza     t 212 858 4200
                                                 Northeast Regional Office  165 Broadway         f 301 527 4873
                                                                           27th Floor           www.finra.org
                                                                           New York, NY
                                                                           10006-1404

Erica Levitt
Leah R. Marks

RECIPIENTS:
Richard J. Babnick, Jr., Esq., Dalila Costa-Leroy
Sichenzia Ross Friedman Ference LLP, 61 Broadway, 32nd Fl., New York, NY 10006

Douglas H. Wigdor, Esq., UBS Financial Services Inc.
Thompson Widgor & Gilly LLP, 85 Fifth Avenue, New York, NY 10003

# Exhibit C

# Award
## FINRA Dispute Resolution

In the Matter of the Arbitration Between:

**Claimant**
Dalila Costa-Leroy

**Case Number**: 08-05019

vs.

**Respondent**
UBS Financial Services Inc.

**Hearing Site**: New York, New York

Nature of the Dispute: Associated Person vs. Member

## REPRESENTATION OF PARTIES

Claimant Dalila Costa-Leroy, hereinafter referred to as "Claimant": Richard J. Babnick, Jr., Esq., Sichenzia Ross Friedman Ference LLP, New York, NY.

Respondent UBS Financial Services Inc., hereinafter referred to as "Respondent": Douglas H. Wigdor, Esq., Thompson Widgor & Gilly LLP, New York, NY.

## CASE INFORMATION

Statement of Claim filed on or about: December 30, 2008.
Answer to the Counterclaim filed on or about: May 4, 2009.
Claimant signed the Submission Agreement: January 9, 2009.

Statement of Answer and Counterclaim filed by Respondent on or about: April 13, 2009.
Respondent signed the Submission Agreement: April 13, 2009.

## CASE SUMMARY

Claimant asserted the following causes of action: defamation under New Jersey's Common Law and false language placed on CRD record.

Unless specifically admitted in its Answer, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

In its Counterclaim, Respondent asserted the following causes of action: breach of contract and unjust enrichment.

Unless specifically admitted in its Answer to the Counterclaim, Claimant denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

6466256112                                          09:25:49   10-12-2011        6/12

FINRA Dispute Resolution
Arbitration No.  08-05019
<u>Award Page 2 of 4</u>

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested compensatory damages in the amount of $1,000,000.00, punitive damages in the amount of $3,000,000.00, expungement, attorneys' fees, costs, and all other relief awarded by the Panel.

Respondent requested that Claimant's claims be dismissed in their entirety.

In its Counterclaim, Respondent requested compensatory damages in the amount of $576,529.91, interest, costs, attorneys' fees, and all other relief to be awarded by the Panel.

Claimant requested that Respondent's Counterclaim be denied in its entirety.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.  Claimant's claims are denied in their entirety.

2.  Claimant's request for expungement is denied.

3.  Claimant is liable for and shall pay Respondent compensatory damages in the amount of $576,529.91.

4.  Respondent's request for interest is denied.

5.  Any and all relief not specifically addressed herein, including punitive damages, is denied.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
FINRA Dispute Resolution assessed a filing fee* for each claim:

| | |
|---|---|
| Initial claim filing fee | = $1,800.00 |
| Counter claim filing fee | = $2,450.00 |

6466256112

FINRA Dispute Resolution
Arbitration No. 08-05019
Award Page 3 of 4

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, as a party, UBS Financial Services Inc., is assessed the following:

| | |
|---|---|
| Member surcharge | = $2,800.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $5,000.00 |

### Adjournment Fees

Adjournments granted during these proceedings for which fees were assessed:

| | |
|---|---|
| April 27, 28, 29, 30, 2010, adjournment by Claimant | = $1,200.00 |

The Panel has assessed $600.00 of the adjournment fee to Claimant.
The Panel has assessed $600.00 of the adjournment fee to Respondent.

| | |
|---|---|
| January 12, 13, and 14, 2011, adjournment by all parties | = $1,200.00 |

The Panel has assessed $600.00 of the adjournment fee to Claimant.
The Panel has assessed $600.00 of the adjournment fee to Respondent.

### Hearing Session Fees and Assessments

The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less.  Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Two (2) Pre-hearing sessions with a single arbitrator @ $450.00/*session* | | | = $  900.00 |
| Pre-hearing conferences: | March 26, 2010 | 1 session | |
| | October 15, 2010 | 1 session | |
| | | | |
| Three (3) Pre-hearing sessions with the Panel @ $1,200.00/*session* | | | = $ 3,600.00 |
| Pre-hearing conferences: | August 3, 2009 | 1 session | |
| | April 27, 2010 | 1 session | |
| | January 12, 2011 | 1 session | |
| | | | |
| Six (6) Hearing sessions @ $1,200.00/*session* | | | = $ 7,200.00 |
| Hearing Dates: | September 19, 2011 | 2 sessions | |
| | September 20, 2011 | 2 sessions | |
| | September 21, 2011 | 2 sessions | |
| Total Hearing Session Fees | | | = $11,700.00 |

The Panel has assessed $5,850.00 of the hearing session fees to Claimant.
The Panel has assessed $5,850.00 of the hearing session fees to Respondent.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

FINRA Dispute Resolution
Arbitration No. 08-05019
Award Page 4 of 4

## ARBITRATION PANEL

| | | |
|---|---|---|
| Leah R. Marks | - | Public Arbitrator, Presiding Chairperson |
| Harvey Barrison | - | Public Arbitrator |
| Erica Levitt | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

### Concurring Arbitrators' Signatures

_Leah R. Marks_

Leah R. Marks
Public Arbitrator, Presiding Chairperson

_October 11, 2011_
Signature Date

_____
Harvey Barrison
Public Arbitrator

_____
Signature Date

_____
Erica Levitt
Non-Public Arbitrator

_____
Signature Date

October 11, 2011
Date of Service (For FINRA Dispute Resolution office use only)

FINRA Dispute Resolution
Arbitration No. 08-05019
Award Page 4 of 4

## ARBITRATION PANEL

| | | |
|---|---|---|
| Leah R. Marks | - | Public Arbitrator, Presiding Chairperson |
| Harvey Barrison | - | Public Arbitrator |
| Erica Levitt | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

### Concurring Arbitrators' Signatures

| | |
|---|---|
| _____ | _____ |
| Leah R. Marks | Signature Date |
| Public Arbitrator, Presiding Chairperson | |
| _____ | _____ |
| Harvey Barrison | 10/10/2011 |
| Public Arbitrator | Signature Date |
| _____ | _____ |
| Erica Levitt | Signature Date |
| Non-Public Arbitrator | |

October 11, 2011
_____
Date of Service (For FINRA Dispute Resolution office use only)

6466256112

FINRA Dispute Resolution
Arbitration No. 08-05019
<u>Award Page 4 of 4</u>

## ARBITRATION PANEL

| | | |
|---|---|---|
| Leah R. Marks | - | Public Arbitrator, Presiding Chairperson |
| Harvey Barrison | - | Public Arbitrator |
| Erica Levitt | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

### <u>Concurring Arbitrators' Signatures</u>

_____
Leah R. Marks
Public Arbitrator, Presiding Chairperson

_____
Signature Date


_____
Harvey Barrison
Public Arbitrator

_____
Signature Date


_____
Erica Levitt
Non-Public Arbitrator

_10/10/11_____
Signature Date


October 11, 2011
_____
Date of Service (For FINRA Dispute Resolution office use only)

# Exhibit D

SUPREME COURT FOR THE STATE OF NEW YORK
NEW YORK COUNTY

———————————————————————x
                                :

UBS FINANCIAL SERVICES INC.      :
                                  :
                        Plaintiff,    :     Index No. _____
                                  :
vs.                                :     AFFIDAVIT FOR
                                :  <u>JUDGMENT BY CONFESSION</u>
DALILA COSTA-LEROY         :
                                  :
                      Defendant.  :
———————————————————————x

STATE OF NEW YORK    )
                        ): s.s.
COUNTY OF NEW YORK )

Dalila Costa-Leroy, being duly sworn, deposes and says:

       1.     I am the Defendant in the case known as <u>UBS Financial Services Inc.</u> <u>v. Dalila Costa-Leroy</u> pending in the Supreme Court for the State of New York, New York County.

       2.     I am a resident of the State of New York.  I hereby waive service of process and submit to jurisdiction in this Court.

       3.     I, the defendant in the above-entitled action, confess judgment in this Court in favor of plaintiff UBS Financial Services Inc. (hereinafter "UBS Financial Services"), for the sum of Five Hundred Seventy Six Thousand Five Hundred Twenty Nine Dollars and Ninety One Cents ($576,529.91) minus any sums I have previously paid to UBS Financial Services, plus reasonable attorneys' fees in connection with the filing of this Affidavit.

       4.     I agree (i) that judgment may be entered against me for the aggregate sums set forth in Paragraph 3, (ii) that no proceeding will be taken by me to interfere in any manner with the operation of the judgment, and (iii) that UBS Financial Services may file a copy of this judgment with FINRA as an enforceable Award and in support of a motion or petition to confirm the Award.

5.      I release all errors that may intervene in the entering of the judgment or the issuing of the enforcement on the judgment, and consent to immediate enforcement of the judgment and FINRA Award.

6.      This confession of judgment is for a debt justly due to the plaintiff arising out of my default of a Settlement Agreement entered into between UBS Financial Services and me dated December 1, 2011, in which I agreed to repay UBS Financial Services monies owing it arising out of Promissory Note Number(s) 99132, 50063 and 77598.

7.      This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability.

Dalila Costa-Leroy

Sworn and subscribed to before me
this 6th day of ___December___, 2011

Notary Public

ELISABETH ZELENAK
Notary Public, State of New York
Qualified in Queens County
Reg. No. 01ZE6222387
My Commission Expires 05-24-2014

# Exhibit E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

UBS FINANCIAL SERVICES, INC.,       :

                               :     Case No. _____

              Petitioner,   :

                               :

           v.                  :     **[PROPOSED] ORDER**

                               :

DALILA COSTA-LEROY,          :

                               :

             Respondent.   :

                               :
-------------------------------------------------------------X

This Court has considered the request of Petitioner UBS Financial Services, Inc. ("UBSFS" or "Petitioner") to confirm the arbitration award entered in Petitioner's favor against Dalila Costa-Leroy ("Costa-Leroy" or "Respondent") on October 11, 2011, in a proceeding held before the Financial Industry Regulatory Authority ("FINRA"), Arbitration Number 08-05019, and has reviewed all submitted documents.

THIS COURT ORDERS that the arbitration award issued in this case in the amount of $576,529.91 be confirmed and that a judgment be entered immediately in the amount of $572,529.91, which reflects payments made by Respondent to Petitioner to date, in favor of UBSFS and against Costa-Leroy.

Dated: February ___, 2012
       New York, New York

                                    SO ORDERED:

                                    By:_____