*JUDGE CARTER*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UBS FINANCIAL SERVICES, INC.,

        Petitioner,

v.

DALILA COSTA-LEROY,

        Respondent.

------------------------------------------------------------X

12 CIV 1221

Case No. _____

*RECEIVED FEB 16 2012 U.S.D.C. S.D.N.Y. CASHIERS*

# MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S PETITION TO CONFIRM THE ARBITRATION AWARD

**THOMPSON WIGDOR LLP**

Douglas H. Wigdor
Lawrence M. Pearson
85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@thompsonwigdor.com
lpearson@thompsonwigdor.com

*Counsel for Petitioner*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

RELEVANT PROCEDURAL HISTORY ............................................................................... 3

ARGUMENT ........................................................................................................................... 4

    I.    LEGAL STANDARD FOR CONFIRMATION OF ARBITRATION AWARDS ........ 4

    II.    THE COURT SHOULD CONFIRM THE AWARD .................................................... 6

    III.    COSTA-LEROY CANNOT DEMONSTRATE THAT ANY GROUNDS EXIST TO VACATE THE AWARD .................................................................................... 8

    IV.    THERE ARE NO GROUNDS ON WHICH TO MODIFY THE AWARD ................ 10

CONCLUSION ...................................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*American Almond Products Co. v. Consolidated Pecan Sales Co.*,
   144 F.2d 448 (2d Cir.1944) ............................................................................................2

*AT&T Mobility LLC v. Concepcion*,
   131 S. Ct. 1740 (2011) ................................................................................................2, 5

*British Ins. Co. of Cayman v. Water St. Ins. Co., Ltd.*,
   93 F. Supp. 2d 506 (S.D.N.Y. 2000) ..............................................................................5

*Companhia De Navecagao Maritima Netumar v. Armada Parcel Serv., Ltd.*,
   No. 96-CV-6441 (PKL), 2000 WL 60200 (S.D.N.Y. Jan. 25, 2000) .............................10

*D.H. Blair & Co., Inc. v. Gottdiener*,
   462 F.3d 95 (2d Cir. 2006) .........................................................................................2, 4

*Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*,
   333 F.3d 383 (2d Cir. 2003) ................................................................................6, 8, 10

*Fellus v. Sterne, Agee & Leach, Inc.*,
   No. 10 Civ. 8881 (SAS), 2011 WL 1218838 (S.D.N.Y. Mar. 29, 2011) .........................9

*Hamilton v. Sirius Satellite Radio Inc.*,
   375 F. Supp. 2d 269 (S.D.N.Y. 2005) .............................................................................9

*Hartford Fire Ins. Co. v. Evergreen Org., Inc.*,
   No. 07-CV-7977 (RJS), 2008 WL 4185731 (S.D.N.Y. Sept. 2, 2008) ...........................7

*I Appel Corp. v. Katz*, No. 02-CV-8879 (MBM),
   2005 WL 2995387 (S.D.N.Y. Nov. 9, 2005), *aff'd sub nom.*,
   *Appel Corp. v. Katz*, 217 Fed. Appx. 3 (2d Cir. 2007).....................................................8

*KX Reinsurance Co. v. Gen. Reinsurance Corp.*,
   No. 08-CV-7807 (SAS), 2008 WL 4904882 (S.D.N.Y. Nov. 14, 2008) .........................7

*Local 1199, Drug, Hosp. & Health Care Employees Union, RWDSU, AFL-CIO v.
Brooks Drug Co.*,
   956 F.2d 22 (2d Cir. 1992) .............................................................................................9

*New York City Dist. Council of Carpenters Pension Fund v. Angel Const. Group, LLC*,
   No. 08 Civ. 9061 (RJS), 2009 WL 256009 (S.D.N.Y. Feb. 3, 2009) .............................4

*Orsino v. Countrywide Fin. Corp.*,
  No. 07-CV-9454 (DAB), 2011 WL 1642258 (S.D.N.Y. Apr. 20, 2011) ............................ 9

*Pike v. Freeman*,
  266 F.3d 78 (2d Cir. 2001) ............................................................................................... 6

*Porzig v. Dresdner, Kleinwort, Benson, N.A. LLC*,
  497 F.3d 133 (2d Cir. 2007) ............................................................................................. 6

*Rai v. Barclays Capital Inc.*,
  739 F. Supp. 2d 364 (S.D.N.Y. 2010) .............................................................................. 6

*ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*,
  564 F.3d 81 (2d Cir. 2009) ............................................................................................... 9

*Rich v. Spartis*,
  516 F.3d 75 (2d Cir. 2008) ........................................................................................... 2, 6

*T. Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*,
  592 F.3d 329 (2d Cir. 2010) ......................................................................................... 6, 10

*Wallace v. Buttar*,
  378 F.3d 182 (2d Cir. 2004) ........................................................................................ 4, 8

*Wall St. Associates, L.P. v. Becker Paribas Inc.*,
  27 F.3d 845 (2d Cir. 1994) ............................................................................................... 8

*Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*,
  103 F.3d 9 (2d Cir. 1997) ............................................................................................ 4, 6

## STATUTES

9 U.S.C. § 9 ............................................................................................................................ 4, 8

9 U.S.C. § 10 .......................................................................................................................... 5, 8

9 U.S.C. § 11 ......................................................................................................................... 5, 10

Petitioner UBS Financial Services Inc. ("UBSFS" or "Petitioner"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its motion, pursuant to 9 U.S.C. § 9, to confirm an arbitration award issued by a Financial Industry Regulatory Authority ("FINRA") arbitration panel on October 11, 2011 denying in their entirety the claims of Respondent Dalila Costa-Leroy ("Costa-Leroy" or "Respondent") and awarding Petitioner damages for the unpaid principal balance of loans made by Petitioner to Respondent. The motion should be granted and the award confirmed into a judgment because the arbitration was in all respects proper and Respondent not only cannot meet the exacting burden of demonstrating that the award should be vacated or modified, but does not oppose this petition to confirm the Award.

## PRELIMINARY STATEMENT

This case arises out of Respondent's employment with, and subsequent termination from, UBSFS. Costa-Leroy asserted only a single cause of action against Petitioner, claiming that language in the Form U-5 filed by UBSFS explaining her termination was defamatory. UBSFS subsequently filed counterclaims against Claimant seeking the balance of the employee forgivable loans extended to her by Petitioner during her employment.

Following substantial discovery by each party, a three-day arbitration hearing was held before a panel of three arbitrators under the guidelines of FINRA. During the hearing, both Petitioner and Costa-Leroy were permitted to present evidence, through live testimony and the admission of documents, and make arguments in support of their respective positions. On October 11, 2011, the arbitration panel issued a decision denying Costa-Leroy's claim in its entirety and awarding UBSFS damages on its counter-claim against Costa-Leroy. Petitioner now seeks an order confirming the panel's decision.

The Federal Arbitration Act ("FAA") mandates that arbitrators' decisions be given strong deference, and the Second Circuit has repeatedly limited its review of arbitration awards in accordance with this requirement. *See, e.g., D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) ("confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court"). "The overarching purpose of the FAA . . . is to ensure that the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011). This deference to arbitration awards assures that "the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation are met." *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008). As Judge Learned Hand explained in *American Almond Products Co. v. Consolidated Pecan Sales Co.*, 144 F.2d 448 (2d Cir.1944), once parties have elected to go to arbitration, both must live with the consequences:

> Arbitration may or may not be a desirable substitute for trials in courts; as to that the parties must decide in each instance. But when they have adopted it, they must be content with its informalities; they may not hedge it about with those procedural limitations which it is precisely its purpose to avoid. They must content themselves with looser approximations to the enforcement of their rights than those that the law accords them, when they resort to its machinery.

*Id.* at 451. In light of this strong deference, and because there are no grounds which would support vacatur or modification of this arbitration award, UBSFS is entitled to an Order confirming the October 11, 2011 award.

## STATEMENT OF FACTS

Costa-Leroy joined UBSFS on or around March 16, 2006 as a Financial Analyst ("FA"). At that time, she agreed to arbitrate any claims against or disputes with UBSFS through the Financial Industry Regulatory Authority ("FINRA"). *See* Ex. A to Petition to Confirm

2

Arbitration Award ("Petition"), Form U-4 of Dalila Costa-Leroy, signed March 16, 2006, at ¶15A(5). On or around October 22, 2008, Costa-Leroy's employment with UBSFS ended.

During Costa-Leroy's employment with UBSFS, she was extended three employee forgivable loans by Petitioner which were governed by the terms of Promissory Notes that she signed in 2006, 2007 and 2008 (the "Notes"). Each of the Notes also contained a provision requiring the arbitration of any legal claims against UBSFS.

## RELEVANT PROCEDURAL HISTORY

On or about December 29, 2008, Costa-Leroy filed a Statement of Claim with FINRA against UBSFS. In her Statement of Claim, Costa-Leroy admitted to FINRA's jurisdiction over her alleged claim. On or about April 13, 2009, UBSFS filed its Answer to Costa-Leroy's Statement of Claim, along with Counterclaims.

The arbitration hearing in the matter commenced on September 19, 2011 before a three-member FINRA arbitration panel (the "Panel") which was appointed according to FINRA procedures taking into account the preferences of the parties (see Ex. B to Petition) and continued through September 21, 2011. During this hearing, both Costa-Leroy and UBSFS submitted documentary evidence, as well as live testimony, in support of their respective positions on the claims contained in Costa-Leroy's Statement of Claim and the Counterclaims asserted by UBSFS. Final oral arguments were held on September 21, 2011.

On October 11, 2011, "[a]fter considering the pleadings, the testimony and evidence presented at the hearing," and "acknowledge[ing] that they have each read the pleadings and other materials filed by the parties," the Panel issued a full and final award (the "Award") that provided for the following:

1. Claimant's claims are denied in their entirety.

2. Claimant's request for expungement is denied.

3. Claimant is liable for and shall pay [UBSFS] compensatory damages in the amount of $576,529.91.

4. [UBSFS]'s request for interest is denied.

5. Any and all relief not specifically addressed herein, including punitive damages, is denied.

*See* Ex. C to Petition, second page.

To date, Respondent has made only one $2,000 payment on the Award. However, on December 6, 2011, Respondent executed a Confession of Judgment regarding the Award under New York law. *See* Ex. D to Petition.

## ARGUMENT

### I. LEGAL STANDARD FOR CONFIRMATION OF ARBITRATION AWARDS

The FAA requires that district courts must confirm arbitration awards unless the opposing party can demonstrate the award should be vacated or modified. *See* 9 U.S.C. § 9. Accordingly, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co.*, 462 F.3d at 110; *see also Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir.1997) ("[a]rbitration awards are subject to very limited review"). Confirmation of the award is appropriate where "a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110. Thus, this low standard is met so long as there is "a barely colorable justification for the outcome reached." *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004); *see also New York City Dist. Council of Carpenters Pension Fund v. Angel Const. Group, LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009 at *1 (S.D.N.Y. Feb. 3, 2009) ("in the context of a petition to confirm an arbitration award, the burden is not an onerous one").

Conversely, a party opposing a petition to confirm an arbitration award (and thus seeking to vacate or modify an arbitration award) bears the burden of proof and must "establish good cause" for the Court to refuse to confirm the award. *British Ins. Co. of Cayman v. Water St. Ins. Co., Ltd.*, 93 F. Supp. 2d 506, 515 (S.D.N.Y. 2000). An arbitration award may only be vacated on extremely limited grounds, as set forth in § 10 of the FAA:[1]

(i) where the award was procured by corruption, fraud or undue means;

(ii) where there was evident partiality or corruption in the arbitrators [sic];

(iii) where the arbitrator was guilty of misconduct in refusing to postpone the hearing, refusing to hear evidence pertinent and material to the controversy, or engaging in any other misbehavior by which the rights of any party have been prejudiced; or

(iv) where the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*See* 9 U.S.C. § 10; *see also AT&T Mobility*, 131 S. Ct. 1740, 1752 ("review under § 10 focuses on misconduct rather than mistake").

Similarly, the grounds for modifying an arbitration award are narrowly circumscribed by statute which provides that an award may be modified:

a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

*See* 9 U.S.C. § 11.

In addition to these statutory grounds, the Second Circuit has held that an arbitration award may also be vacated where an arbitrator acted in manifest disregard of the law. *See*

---

[1] The final ground for vacating an arbitration award, manifest disregard of the law, is discussed *infra*.

5

*Willemijn Houdstermaatschappij*, 103 F.3d at 12. However, the Second Circuit has noted that vacatur is only appropriate on this ground in "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003); *see also Rai v. Barclays Capital Inc.*, 739 F. Supp. 2d 364, 372 (S.D.N.Y. 2010) ("Review under the manifest disregard doctrine is severely limited and highly deferential to the arbitral award."). In order to meet this high burden, a party seeking to vacate an arbitration award under the manifest disregard doctrine must show that: (i) the law allegedly ignored was clear, (ii) the law was in fact improperly applied and led to an erroneous outcome, and (iii) that the arbitrator knew of the law. *See T. Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010); *see also Pike v. Freeman*, 266 F.3d 78, 86 (2d Cir. 2001) ("Illustrative of the degree of 'disregard' necessary to support vacatur under this standard is our holding that manifest disregard will be found where an arbitrator understood and correctly stated the law but proceeded to ignore it.").

## II.   THE COURT SHOULD CONFIRM THE AWARD

As outlined above, the FAA mandates confirmation of an arbitration award unless the opponent makes a strong showing that the award should be vacated or modified on one of the exceedingly limited statutory grounds, or based on manifest disregard of the law. In light of this, the Second Circuit, "has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N.A. LLC*, 497 F.3d 133, 139-40 (2d Cir.2007). This deference to arbitration awards assures that "the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation are met." *Rich*, 516 F.3d at 81; *see also Porzig*, 497 F.3d at 140 ("To encourage and support the use of

6

arbitration by consenting parties, [the Second Circuit], therefore, uses an extremely deferential standard of review for arbitral awards.").

Because of the Second Circuit's well-established standard of deference to arbitration awards, UBSFS does not face a high hurdle in seeking to have the Award confirmed. The parties each had the opportunity, over the course of three days of hearings, to present documentary and testimonial evidence, as well as their arguments concerning the limited legal issues presented in this matter. On this basis alone, where the parties were each afforded a full and fair opportunity to be heard during the arbitration hearing, courts will regularly confirm the award. *See KX Reinsurance Co. v. Gen. Reinsurance Corp.*, No. 08-CV-7807 (SAS), 2008 WL 4904882 (S.D.N.Y. Nov. 14, 2008) (partially confirming arbitration award where "the Panel introduced its ruling by noting that it had 'heard and fully considered' all the evidence and arguments associated with the matters before them, and 'thereafter deliberated' accordingly"); *Hartford Fire Ins. Co. v. Evergreen Org., Inc.*, No. 07-CV-7977 (RJS), 2008 WL 4185731 at *5 (S.D.N.Y. Sept. 2, 2008) (holding that arbitration hearing with "a full week of live testimony," "extensive documentary evidence," and "detailed pre-hearing brief with exhibits and excerpts of sworn deposition testimony" met "the minimal threshold requirements for confirmation").

Here, Costa-Leroy can make no claim that she was not afforded a full and fair opportunity to present evidence and make her arguments, all of which were expressly considered by the Panel in reaching its conclusion. The proceedings in this matter, both those during the hearing, as well as those during the discovery phase leading up to the hearing, clearly meet the "minimum threshold requirements" for the Court to confirm the award. Accordingly, the award issued by the Panel should be confirmed.

7

## III. COSTA-LEROY CANNOT DEMONSTRATE THAT ANY GROUNDS EXIST TO VACATE THE AWARD

As demonstrated above, Petitioner has met easily the minimal burden for confirmation of the Award. Consequentially, Costa-Leroy would need to satisfy the very high burden required to avoid summary confirmation of the Award. This heavy burden, as discussed above, is reflected in the structure and language of the FAA itself which evinces a "strong presumption in favor of enforcing arbitration awards." *Wall St. Associates, L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir. 1994) (noting that an arbitration award "is valid unless proved otherwise"). As a result of this presumption, and as noted above, there are "a very narrow set of circumstances delineated by statute and case law" for vacating an arbitration award. *Duferco Int'l Steel Trading*, 333 F.3d at 388; *see also Wallace v. Buttar*, 378 F.3d at 190 ("[a] federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law."). Specifically, an award may be vacated based only on one of the four statutory grounds contained in the FAA, (*see* 9 U.S.C. § 10(a)), or if the Court determines that the arbitrators issued an award in "manifest disregard of law." Regardless of the basis for vacatur, the burden on the party opposing confirmation remains "a formidable one." *I Appel Corp. v. Katz*, No. 02-CV-8879 (MBM), 2005 WL 2995387 at *7 (S.D.N.Y. Nov. 9, 2005), *aff'd sub nom. Appel Corp. v. Katz*, 217 Fed. Appx. 3 (2d Cir. 2007).

Costa-Leroy cannot establish any of the statutory grounds for vacatur of the Award. *See* 9 U.S.C. § 10. Instead, it is clear that each side was afforded a full and fair opportunity to present evidence and arguments, including pre-hearing briefs, and the Panel considered all of this evidence before reaching its decision. Nor is there any evidence of bias, impartiality or misconduct on the part of the Panel that prejudiced Costa-Leroy in any way. Similarly, Costa-Leroy cannot show that the Panel exceeded their powers as arbitrators in this matter because

8

such an inquiry looks not at the merits of an arbitration decision, but whether "the arbitrator's award draws its essence from the agreement to arbitrate, since the arbitrator is not free merely to dispense his own brand of industrial justice." *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81, 85 (2d Cir. 2009); *see also Fellus v. Sterne, Agee & Leach, Inc.*, No. 10 Civ. 8881 (SAS), 2011 WL 1218838 at *5 (S.D.N.Y. Mar. 29, 2011) (inquiry is related to whether the arbitrator had the authority to decide the issues based on the parties' submissions, "not whether the arbitrators correctly decided an issue"). As the Panel decided only issues properly put before it by the parties, any argument by Costa-Leroy that the Panel exceeded its authority to arbitrate this matter must fail.

The Second Circuit also recognizes that an arbitration award may be vacated based on the arbitrator's "manifest disregard of law," however, as noted above, vacatur on this ground is appropriate only in "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." *Orsino v. Countrywide Fin. Corp.*, No. 07-CV-9454 (DAB), 2011 WL 1642258 at *2 (S.D.N.Y. Apr. 20, 2011). As the Second Circuit has made clear, an arbitrator cannot be found to have disregarded the law simply when a court disagrees with its decision. *See Local 1199, Drug, Hosp. & Health Care Employees Union, RWDSU, AFL-CIO v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992) ("[t]he court is forbidden to substitute its own interpretation even if convinced that the arbitrator's interpretation was not only wrong, but plainly wrong."); *Hamilton v. Sirius Satellite Radio Inc.*, 375 F. Supp. 2d 269, 273 (S.D.N.Y. 2005) ("Review under the doctrine of manifest disregard of the law is not an inquiry into the correctness of the decision, and the 'erroneous application of rules of law is not a ground for vacating an arbitrator's award, nor is the fact that an arbitrator erroneously decided the facts.'"). Instead, where a party seeks to have an arbitration award vacated based on a manifest disregard

of the law, the party must show that the law allegedly ignored was clear, the law was in fact improperly applied and led to an erroneous outcome, and that the arbitrator knew of the law. *T. Co. Metals*, 592 F.3d at 339. An award will not be vacated, however, where there is "any plausible reading of an award that fits within the law." *Duferco*, 333 F.3d at 385.

Costa-Leroy cannot meet this standard, nor does she oppose this motion to confirm the award. As stated above, Costa-Leroy was presented with a full and fair opportunity to litigate this matter over the course of almost three years. During that time, Costa-Leroy had ample opportunity to brief the Panel on all law applicable to her claims and present arguments as to the legal viability of such claims. After consideration of her claims on their merits, the Panel found that they should be denied in their entirety. As a result, there are numerous "plausible readings" of the Award that fit within well-established parameters of the law. Due to the nearly insurmountable hurdle faced by Costa-Leroy to demonstrate the Panel issued its decision in "manifest disregard of the law," as well as the complete dearth of evidence showing that the Panel was aware of a legal principle and chose to ignore it, the Court should not vacate the Award on this ground.

## IV. THERE ARE NO GROUNDS ON WHICH TO MODIFY THE AWARD

As with the grounds for vacatur, an arbitration award may be modified only under exceedingly limited circumstances. *See* 9 U.S.C. § 11, *supra*. As used in the FAA, "[t]he word "miscalculation" implies inadvertence or an error caused by oversight" and not "the disposition of a substantive dispute that lay at the heart of the arbitration." *Companhia De Navecagao Maritima Netumar v. Armada Parcel Serv., Ltd.*, No. 96-CV-6441 (PKL), 2000 WL 60200 at *6 (S.D.N.Y. Jan. 25, 2000). Here, Costa-Leroy cannot point to any mathematical miscalculation in the Award. Because Costa-Leroy's claims were denied in their entirety, the only monetary award was made in favor of UBSFS, and was based upon exact amounts presented and agreed to

by the parties at the arbitration. Because there was no error made in the calculation of this award (indeed, Costa-Leroy and UBSFS even stipulated as to the appropriate amount of interest), Costa-Leroy can set forth no basis for modification of the Award. Finally, because Costa-Leroy also cannot demonstrate that the Panel made an award on a matter not submitted to it, there are no grounds for modifying the Award.

## CONCLUSION

For the reasons described above, Petitioner respectfully requests that the Court grant this motion to confirm the arbitration panel's award.

Dated: February 15, 2012
   New York, New York

Respectfully submitted,

**THOMPSON WIGDOR LLP**

By: _____
   Douglas H. Wigdor
   Lawrence M. Pearson

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@thompsonwigdor.com
lpearson@thompsonwigdor.com

*Counsel for Petitioner UBSFS*